**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**HUDSON ENTERPRISES, INC., et al.**                                    **PLAINTIFFS**

**VS.**                              **NO. 4:12CV00391 SWW**

**BEAUFORT UNDERWRITING SYNDICATE 1318,  et al.**                **DEFENDANTS**

### RESPONSE TO MOTION TO REMAND

Come now defendants, Beaufort Underwriting and/or Beaufort Underwriting Agency Limited, Argenta Syndicate Management Limited, RJ Kiln & Co. Limited, Aegis Managing Agency Limited, and Ark Syndicate Management Limited (misidentified in the Complaint in various ways and collectively referred to herein as "Managing Agencies"); All Certain Underwriters at Lloyd's London Subscribing to Policy Number 10NCG01559 and Agreement Numbers NPPI10112456 & NPPI09112456 and Those Certain Underwriters at Lloyd's, London Organized as Syndicates: 1318, 2121, 807, 1225, and 4020 (misidentified in the Complaint in various ways and collectively referred to herein as "Subscribing Underwriters"); Those Certain Underwriters at Lloyd's, London Organized as Syndicates 33, 318, 382, 435, 457, 510, 557, 566, 570, 609, 623, 727, 780, 958, 1007, 1036, 1084, 1110, 1176, 1183, 1200, 1206, 1209, 1218, 1221, 1243, 1274, 1301, 1400, 1414, 1458, 1861, 1880, 1882, 1886, 1910, 1919, 1955, 1967, 1969, 2000, 2001, 2003, 2007, 2010, 2012, 2112, 2243, 2468, 2488, 2623, 2791, 2987, 3000, 3010, 3210, 3623, 3624, 4000, 4040, 4141, 4242, 4444, 4472, 4711, 5000, 5151, 5555, and 5820 (misidentified in the Complaint in various ways and collectively referred to herein as "Non-Subscribing Underwriters"); The Corporation of Lloyd's a/k/a The Committee of Lloyd's a/k/a The Society of Lloyd's a/k/a Lloyds of London a/k/a Lloyds (misidentified in the Complaint in

1

various ways and collectively referred to herein as "Lloyd's"); Tracy Tratz, Joel Stinson, Joe

Zaloudek, Malcolm L. Coffee, Risk Placement Services, Inc., Johnson Claim Services, Inc.,

Allen G. Johnson, Karla Stroike, Oxford Insurance Brokers Limited, Adam Harris, and Steve

Tunks (misidentified in the Complaint in various ways and collectively referred to herein with

Lloyd's as "Non-Insurer Parties")[1] (collectively, the "Defendants"), and for their Response to

Plaintiffs' Motion to Remand, state:

## INTRODUCTION

The Defendants specifically deny the allegations of Plaintiffs' Motion to Remand, and

the motion should be summarily denied.  The Plaintiffs raise three arguments in support of their

motion.  The law is clear that none of these arguments permit a remand of this case.

The Plaintiffs stipulate that the amount in controversy exceeds $5 million (Doc. No. 8, ¶

3).  The Plaintiffs stipulate that a member of the proposed class is a citizen of a state different

from the state of citizenship of a defendant (Doc. No. 8, ¶ 3).  The Plaintiffs stipulate that the

number of members of the proposed class is in excess of 100 (Doc. No. 8, ¶ 3).  Thus, the

Plaintiffs stipulate that the jurisdictional requirements of the Class Action Fairness Act

("CAFA"), 28 U.S.C. § 1332(b) have been met.[2]

The Defendants have satisfied their burden of proof that jurisdiction is proper in this

Court.  Once the removing party satisfies the jurisdictional requirements, as here, the burden

---

[1] Due to the manner in which the case is styled, it is difficult to ascertain the exact nature of the parties being listed as Defendants.  The above-listed entities should include every Defendant intended to be named by the Plaintiffs in their original Complaint, except the "John Does".  The case caption lists various parties with the symbol "^" in their name.  Defendants do not recognize the entities listed as such and can only assume that this is a typographical error.

[2] 28 U.S.C. §§ 1332(d)(2), 1332(d)(5) and 1453(b) and *Westerfield v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

shifts to the party seeking remand to prove the applicability of one of the exceptions under CAFA by a preponderance of the evidence.[3]

## ARGUMENT NO. 1:
## "ALL DEFENDANTS HAVE NOT LISTED THEIR CITIZENSHIP"

Even though the Plaintiffs stipulate that the CAFA jurisdictional requirements have been met, they inexplicably argue that in the Notice of Removal, the Defendants "do not state their places of citizenship and therefore do not meet their burden of proof regarding subject matter jurisdiction" (Doc. No. 8, ¶ 3(a)).  This is not a jurisdictional argument.  The Plaintiffs are actually arguing that Defendants' Notice of Removal was technically deficient.  Plaintiffs apparently argue that the Notice of Removal was required to cite the citizenship of *each Defendant* which Plaintiffs have listed in the style of this case (which, if actually required, would be impossible in this case due to the unidentifiable manner in which the Plaintiffs have chosen to list defendants).

Plaintiffs cite no statutory requirement for this argument, and Plaintiffs fail to explain how this argument can be valid when it is expressly contrary to the statutory minimum diversity language of CAFA:

> The district courts shall have original jurisdiction of any civil action which … is a class action in which -
>
> (A)  Any member of a class of plaintiffs is a citizen of a state different from **any defendant**.

28 U.S.C. § 1332(d)(2)(A).  This statute does not say *every defendant,* as plaintiffs argue.  CAFA is a minimal diversity statute, not a complete diversity statute.[4]  The Notice of Removal of the

---

[3] *Westerfield* at 823;  *Froud v. Anadarko E&P Co., LP*, 2010 U.S. Dist. LEXIS 35929 (E.D. Ark. 2010).

[4] *Westerfield* at 822.

Defendants satisfied this requirement by identifying (and supported by affidavit) the citizenship of seven of the defendants as states other than Arkansas (see Doc. No. 1, ¶13).

Plaintiffs cite two cases to support their argument. One is inapplicable, and the other is misconstrued by the Plaintiffs. *Sanders v. Clemco Industries*[5] is a 1987 pre-CAFA case dealing with complete diversity, and is inapplicable to the minimum diversity of CAFA. *Missouri ex rel Koster v. Portfillo Recover Ass.*[6] is a CAFA case, but one of the removing defendants was a limited liability corporation which only listed its state of formation as its citizenship for removal. The other defendant was a corporation, and it did not identify its principal place of business. The trial court held that citizenship of each of the members of the LLC was determinative and should have been pled. Notably, even in that case, the court did not remand but allowed the defendants to refile a supplemental notice to cure the deficiency. The *Missouri ex rel Koster* facts are not even applicable to the allegations of this case. After citing these two cases, the remainder of Plaintiffs' argument appears to be several pages of excerpts from their Amended Complaint, which are not relevant to the legal issue raised.

Finally, it should be noted that this argument has been waived by the Plaintiffs and should not even be considered by this Court. Plaintiffs have now filed an Amended Complaint (Doc. No. 6) and engaged in affirmative activity in this Court. By doing so, Plaintiffs have waived any removal defects (except those specifically involving subject matter jurisdiction) and have waived the right to seek a remand on the basis of any removal defects.[7] Plaintiffs' argument regarding alleged defects in the Defendants' Notice of Removal for not listing the citizenship of *every* defendant is not only without basis, but the argument has also been waived.

---

[5] 823 F.2d 214 (8th Cir. 1987).

[6] 2009 U.S. Dist. LEXIS 93100 (E.D. Mo. Oct. 6, 2009).

[7] *See Koehen v. Harold Fire Insurance Co.*, 89 F.3d 525 (8th Cir. 1996).

## ARGUMENT NO. 2:
## "THE LOCAL CONTROVERSY EXCEPTION TO CAFA APPLIES"

Plaintiffs' next argue that this Court should decline to exercise its jurisdiction in this case because the "Local Controversy Exception" of 28 U.S.C. § 1332(d)(4)(A) applies.  Plaintiffs bear the burden of proof on the applicability of this exception, by a preponderance of the evidence.[8]  The Plaintiffs have failed to meet this burden.

The Plaintiffs are correct that there are four requirements which must each be proven by the Plaintiffs in order for the exception to apply.[9]  The Plaintiffs have submitted *no evidence* in support of their argument to meet their burden of proof.  Instead, the Plaintiffs rely entirely upon the allegations of their *Amended* Complaint (Doc. No. 6) which was filed in response to Defendants' removal of this case to this court in attempt to avoid this court's jurisdiction.  The Plaintiffs' reliance is misplaced. The law is clear that an Amended Complaint cannot be considered in support of a Motion to Remand, since jurisdiction attaches based upon the pleadings as they existed at the time of the removal.

> "It is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal" [citations omitted].  "Further, jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated" [citations omitted].

> The district court correctly denied Hargis' motion to remand to state court. Hargis argues that her putative class consists only of Missouri plaintiffs, because she is alleging a violation of Missouri's statute prohibiting the unlicensed practice of law.  When only Missouri plaintiffs are considered, she contends, the amount in controversy does not reach the five million dollar threshold required by CAFA. Defendants counter that Hargis' original complaint did not restrict her class to Missouri plaintiffs, and so consideration of a nationwide class was appropriate. When a nationwide class of plaintiffs is contemplated, the amount in controversy exceeds the five million dollar mark.  … Hargis' first amended complaint redefined her class as consisting of only Missouri plaintiffs ***but her original***

---

[8] *Froud v. Anadarko E&P Co., LP*, 2010 U.S. Dist. LEXIS 35929 (E.D. Ark., Mar. 16, 2010 ).

[9] 28 U.S.C. § 1332(d)(4)(A); *Anadarko, Id.*

> ***complaint controls this determination, as it was the operative complaint at the time of removal.***  [emphasis added]

*Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789-790 (8th Cir. 2012).  The following are the four requirements which must each be proven by the Plaintiffs based solely upon the allegations of their *original* Complaint (Doc. No. 2).

1. **"Greater than two-thirds of the members of the proposed class are citizens of Arkansas" (28 U.S.C. § 1332(d)(4)(A)(i)(I))**

Plaintiffs argue that this requirement "does not appear to be in dispute" and that "this prong is satisfied" (Doc. No. 9, pp. 13-14).  Plaintiffs' only evidence is a reference to the language in their Amended Complaint that the "class to be certified consists of all those insured within the State of Arkansas …."  The original Complaint makes this same allegation (Doc. No. 2, ¶2).  Plaintiffs offer no other evidence in support of this requirement for applicability of the "Local Controversy Exception."

Plaintiffs' Complaint does not identify the *citizenship* of any member of the proposed class.  The fact that a proposed class member was "insured within the State of Arkansas" in no way proves that the proposed class member was a citizen of Arkansas.  Individuals or entities who are not Arkansas citizens fall within Plaintiffs' proposed class definition because they have assets within the State of Arkansas which are insured in the state by some of the named Defendants.  Plaintiffs acknowledge that their proposed class consists of "100 or more members" (Doc. No. 8, ¶3) and yet the only evidence of citizenship of any of potential members of the proposed class relates to one of the three named Plaintiffs.[10]  The Plaintiffs have failed to satisfy their burden of proof for applicability of the "Local Controversy Exception" that greater than two-thirds of the proposed class are citizens of Arkansas under 28 U.S.C. § 1332(d)(4)(A)(i)(I).

---

[10] The Complaint identifies the citizenship of one named plaintiff, Hudson Enterprises, Inc., by reference to state of incorporation and principal place of business (Doc. No. 2, ¶3).

2.      **"At least one defendant is a citizen of Arkansas, significant relief is sought from that defendant, and that defendant's alleged conduct forms a significant basis of the claims asserted" (28 U.S.C. § 1332(d)(4)(A)(i)(II)).**

In Plaintiff's original Complaint upon which this case was removed, Plaintiffs name in excess of 42 individual and group Defendants (not counting the 10,000 John Doe Defendants). Not a single one of those Defendants are pled as being a citizen of Arkansas. As to all of the listed Defendants, Arkansas is mentioned only three times. Plaintiffs plead that Defendant Tracy Tratz "may be located" in Arkansas (¶13), Risk Placement Service, Inc. "is located at" Arkansas (¶17) and Johnson Claims Service, Inc. maintains "*a* principal place of business" in Arkansas (¶19). None of these statements allege citizenship of these Defendants in Arkansas. In truth, however, as established by an affidavit in support of Defendants' Notice of Removal, Tracy Tratz *is* a citizen of Arkansas, but RPS, Inc. is a citizen of Illinois and Johnson Claims Service, Inc. is a citizen of Delaware and Oklahoma (see Doc. No. 1, Exhibits "D" and "E").

Thus, in order to satisfy their burden of proof, the Plaintiffs must have presented evidence that in their original Complaint: (1) significant relief is sought from Tracy Tratz, and (2) Tracy Tratz's conduct forms a significant basis of the claims asserted. 28 U.S.C. § 1332(d)(4)(A)(i)(II). The "significant basis of the claims asserted" is determined by comparing the alleged conduct of Tracy Tratz to the alleged conduct of all other Defendants.[11]

Tracy Tratz is mentioned in the original Complaint only once, in paragraph 13, and the sole allegation is where she "can be located." There are no allegations against Tracy Tratz in her individual capacity or in her capacity as an agent or employee of another Defendant. No relief is requested specifically against Tracy Tratz. There is no distinction in conduct pled as to *any* particular Defendant, rendering a comparison of "significant" impossible. Plaintiffs argue they

---

[11] *Westerfield* at 825 ("Whether the [in-state] defendant's alleged conduct is significant cannot be decided without comparing it to the alleged conduct of all the defendants. … The local defendants' alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the defendants.")

were damaged by a violation of the Arkansas Deceptive Trade Practices Act (Count I), but fail to allege how they were damaged or by whom.  Plaintiffs allege a contract was breached (Count II), but fail to allege Tracy Tratz was a party to any contract.  Plaintiffs allege they were damaged by a breach of fiduciary duty (Count III), but fail to allege who owed that duty, why it was owed or how they were damaged.  Plaintiffs allege "insurance bad faith" (Count IV), but fail to allege Tracy Tratz was an insurer or how she could be liable under that claim.  Plaintiffs fail to satisfy their burden of proof under 28 U.S.C. § 1332(d)(4)(A)(i)(II).  The "Local Controversy Exception" simply cannot apply.

As mentioned, Plaintiffs rely only on their Amended Complaint (Doc. No. 6) in support of the Local Controversy Exception.  It appears obvious that the Amended Complaint was filed for no reason other than as an effort to attempt to defeat the jurisdiction of this Court under CAFA.  Although difficult to calculate exactly, Plaintiffs' Amended Complaint has added approximately 30 new additional defendants (Doc. No. 6, ¶¶6-38).  Twenty-seven of those 30 new defendants are coincidentally alleged to be citizens of Arkansas.  These new allegations, paragraphs 6 through 38 of the Amended Complaint, are the "proof" upon which Plaintiffs attempt to rely in support of their argument that "Local Controversy Exception" now applies.

There are two major flaws in Plaintiffs' argument.  First, as pointed out above, the Court cannot consider Plaintiffs' attempt to now plead around CAFA jurisdiction with an Amended Complaint.  The Amended Complaint cannot be considered in support of a Motion to Remand.[12]

Second, even if the Amended Complaint could be considered as evidence, Plaintiffs fail to recognize that they cannot bring claims against Defendants, individually or on behalf of a proposed class, unless they personally have standing to assert those claims.  The Plaintiffs assert their own claims against certain Defendants relevant to their own insurance policy, but then also

---

[12] *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789-790 (8th Cir. 2012).

attempt to assert "class claims" against other Defendants which had absolutely no connection

with Plaintiffs or the insurance policy of River Valley Marina.

> The class action is "an exception to the usual rule that litigation is conducted by
> and on behalf of the individual named parties only" [citations omitted].  In order
> to justify departure from that rule, "a class representative must be part of the class
> and 'possess the same interest and suffer the same injury' as the class members"
> [citations omitted].  Rule 23(a) ensures that the named plaintiffs are appropriate
> representatives of the class whose claims they wish to litigate.  The Rule's four
> requirements -- numerosity, commonality, typicality, and adequate representation
> -- "**effectively limit the class claims to those fairly encompassed by the named
> plaintiffs' claims**."  [emphasis added]

*Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (U.S. 2011).

> "[T]he irriducible constitutional minimum of standing requires a showing of
> injury in fact to the plaintiff that is fairly traceable to the challenged action of the
> defendant, and likely to be redressed by a favorable decision" [citations omitted].

*Brown v. Medtronic, Inc.*, 628 F.3d 451, 455 (8th Cir. 2010).

> **[I]f none of the named plaintiffs purporting to represent a class establishes
> the requisite of a case or controversy with the defendants, none may seek
> relief on behalf of himself or any other member of the class.**  [emphasis added]

*O'Shea v. Littleton*, 414 U.S. 488, 494 (U.S. 1974).

The claims of the proposed class can extend no further than the claims for which the

named Plaintiffs have standing to assert.  These 30 new defendants added to the Amended

Complaint are not even alleged to be brokers, agents, insurers, syndicates or underwriters on the

River Valley Marina policy of insurance.  The Plaintiffs have no standing to assert claims against

any other broker, agent, insurer, syndicate or underwriter other than those on the Plaintiffs' own

policy, as the Plaintiffs simply lack standing to do so.  Thus, even if the Amended Complaint

could be considered, there are no allegations therein identifying these  newly-added 30

Defendants as engaging in conduct forming a significant basis of any claims to which the

Plaintiffs have standing to assert.  The Plaintiffs have failed in their burden of proof as to 28 U.S.C. §1332(d)(4)(A)(i)(II).

**3.** **"Principal injuries resulting from the alleged conduct of each Defendant were incurred in Arkansas" (28 U.S.C. § 1332(d)(4)(A)(i)(III).**

Again, the Plaintiffs offer no evidence in support of their burden of proof upon this required element.  The Plaintiffs only state "It is undisputed that alleged damages suffered by Arkansans in Arkansas were a result of sales of insurance policies and coverage within the State of Arkansas" (Doc. No. 9, p. 20).  As previously pointed out, Plaintiffs' proposed class is not limited to "citizens of Arkansas," so Plaintiffs' statement is incorrect.  Secondly, in Plaintiffs' original Complaint, it is unclear what "injuries" are alleged to have occurred, and, with one exception, there is no allegation that these injuries were incurred in Arkansas.

The named Plaintiffs allege one claim where it obviously appears injuries occurred in Arkansas.  They allege that their insurance policy was breached because the insurers on that policy did not pay their loss (which occurred in Arkansas) according to the terms of the policy (Doc. No. 2, second Count I, "Breach of Contract," p. 26).  With respect to all of the remaining claims, the Plaintiffs' allegations are each based upon the allegation that the Defendants did not list names and addresses of underwriters on insurance policies pursuant to Ark. Code Ann. § 23-65-311 (see Counts I, II, III, IV, V and second Count II, Doc. No. 2).  The named Plaintiffs do not allege how or where they were injured by the allegations supporting these counts, nor do Plaintiffs' allege how or where any proposed class member was injured under any of these counts.  Again, Plaintiffs have failed to meet their burden of proof under 28 U.S.C. § 1332(d)(4)(A)(i)(III), and the Local Controversy Exception cannot apply.

**4.**    "**During the past three years, no other class actions have been filed asserting the same or similar factual allegations that have been asserted against any of the defendants" (28 U.S.C. § 1332(d)(4)(A)(ii)).**

Without reference to any evidence or even argument, the Plaintiffs simply state that "This prong is also satisfied" (Doc. No. 9, p. 20).  Without a doubt, some of the 42-plus individual or group Defendants listed in Plaintiffs' original Complaint have been sued for breach of contract and denial of coverage claims in the past three years, which is the claim Plaintiffs assert in their second Count I of their Complaint.  However, Plaintiffs seem to concede that Count I of their Complaint is not a part of their class action case.  Assuming the test under 28 U.S.C. § 1332(d)(4)(A)(ii) relates to the class claims, the basis of Plaintiff's "class claims" is the alleged violation of Ark. Code Ann. § 23-65-311.  To the knowledge of these Defendants at this time, they have not been previously named in a class action alleging a violation of Ark. Code Ann. § 23-65-311.  Importantly, however, the "Local Controversy Exception" only applies if the Plaintiffs have satisfied their burden of proof as to *each* of the four requirements of 28 U.S.C. § 1332(d)(4)(A).  Plaintiffs have clearly failed to meet this burden as to three of the four requirements.  "All four prongs must be satisfied to trigger the local controversy exception," and the failure to satisfy the required proof on any prong is fatal to the Plaintiffs' Motion to Remand.[13]

---

[13] *Barfield v. Sho-Me Power Elec. Corp.*, 2012 U.S. Dist. LEXIS 86036 (W.D. Mo. June 21, 2012).

**ARGUMENT NO. 3:**
**"THE COURT SHOULD REMAND THE CASE TO STATE COURT UNDER THE 'DISCRETIONARY EXCEPTION' TO CAFA."**

As with any exception to the Court's exercise of federal jurisdiction under CAFA, the plaintiff bears the burden of proof regarding the "Discretionary Exception" by a preponderance of the evidence.[14]

In this case, the six factors to be evaluated under the "Discretionary Exception" of 28 U.S.C. § 1332(d)(3) need not even be considered, since the exception does not apply on its face.[15] The arguments of the Plaintiffs in support of this exception jump right into an analysis of the six factors without ever arguing or presenting any proof upon the foundational requirements that (a) the "primary defendants" in this case are citizens of Arkansas, and that (b) between one-third and two-thirds of the proposed class are citizens of Arkansas.[16] Unless it is first proven by a preponderance of the evidence that both of these requirements are met, there is no basis upon which the Court can even consider the six factors of the "Discretionary Exception," because it does not apply.[17]

As described above, the only evidence before the Court as to the citizenship of the proposed class of plaintiffs are the allegations in paragraph 3 of the original Complaint, describing the Arkansas citizenship of one plaintiff, Hudson Enterprises, Inc. The Plaintiffs acknowledge that there are "100 or more" potential class members (Doc. No. 8, ¶3), and that those class members were "insured within the State of Arkansas" (Doc. No. 2, ¶2), but evidence

---

[14] *Albury v. Daymar Colleges Group, LLC*, 2012 U.S. Dist. LEXIS 1889, 7-8 (W.D. Ky., Feb. 14, 2012); *Mattingly v. Equal Energy*, 2011 U.S. Dist. LEXIS 85144 (N.D. Okla., Aug. 1, 2011).

[15] *See Albury*, pp. 31-32, *id.*

[16] *See* 28 U.S.C. §1332(d)(3).

[17] *See Albury*, 31-32, *id.*

(or even allegations) of their citizenship is nowhere to be found.  Plaintiffs have failed on this element of proof.

The Plaintiffs have also failed to prove that the "primary defendants" in this case are citizens of Arkansas.  In the context of this statute, "primary defendants" does not mean "a primary defendant."  It means <u>all</u> of the primary defendants in this case must be citizens of Arkansas.[18] Plaintiffs' original Complaint lists at least 42 individual and groups of defendants, and the only evidence of Arkansas citizenship in the record is that of a single defendant, Tracy Tratz.  Also as already pointed out, there are no factual allegations or causes of actions directed specifically toward Ms. Tratz which could in any way be construed as causing her to be considered a "primary defendant" in comparison to to the conduct alleged as to all of the other non-Arkansas Defendants.  In fact, because the allegations of the Plaintiffs' original Complaint are all against "the Defendants" collectively -- including numerous foreign entities -- there is no basis upon which this Court can differentiate the status of any Defendant as being "primary" or "secondary."[19] The Discretionary Exception to CAFA under 28 U.S.C. § 1332(d)(3) simply does not apply in this case.

<u>**CONCLUSION**</u>

The Plaintiffs have stipulated that this case was properly removed to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Because CAFA is a minimal diversity statute, the Notice of Removal need not identify the citizenship of every

---

[18] *Mova v. Jani-King of Minnesota, Inc.*, 613 F. Supp. 2d 1103, 1108 (D. Minn. 2009)("As other courts have recognized, the use of the language "the primary defendants" in §1332(d)(4)(B) [and 1332(d)(3); see footnote 5] rather than "a primary defendant" clearly demonstrates that all of the primary defendants must be residents of the state in which the action was originally filed.").

[19] *Brock v. United Health Group, Inc.*, 2007 U.S. Dist. LEXIS 73640, 20-21 (S.D.N.Y. Sept. 27, 2007)("Since plaintiffs themselves maintain that defendants are each equally culpable and liable for the injuries purportedly suffered by the putative class members, there is no rationale basis upon which to differentiate the defendants' status as being primary or secondary [under the exception to CAFA].").

defendant the Plaintiffs have chosen to list in the style of this case.  Furthermore, the Plaintiffs have waived any right to make this argument by the filing of an Amended Complaint.  The Notice of Removal satisfies the requirements of 28 U.S.C. § 1332(d).  The Plaintiffs have failed to meet their burden of proof that the "Local Controversy Exception" to CAFA applies.  The Plaintiffs have failed to meet their burden of proof that the "Discretionary Exception" to federal jurisdiction under CAFA applies.  For these reasons, Plaintiffs' Motion to Remand should be denied.

Respectfully submitted,

PRICE COLLINS, Ark. Bar No. 2010276
**Wilson Elser Moskowitz Edelman**
**    & Dicker LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, TX  75202-3758
Telephone:  214-698-8030
Facsimile:   214-698-1101
Email:          price.collins@wilsonelser.com


DAVID D. WILSON, #90112
**Friday, Eldredge & Clark, LLP**
400 West Capitol Avenue, Suite 2000
Little Rock, AR  72201-3522
Telephone:  501-370-1564
Facsimile:   501- 244-5380
E-Mail:        wilson@fridayfirm.com

Attorneys for Defendants


By:_____/s/ David D. Wilson_____
        DAVID D. WILSON

OF COUNSEL:

PAUL L. FIELDS, JR., Georgia Bar No. 003420
**FIELDS HOWELL**
191 Peachtree Street NE
Suite 4600
Atlanta, GA 30303
Telephone:      404-214-1252
Facsimile:      404-214-1251
Email:          pfields@fieldshowell.com

GREGORY L. MAST, Georgia Bar No. 476191
**FIELDS HOWELL**
191 Peachtree Street NE
Suite 4600
Atlanta, GA 30303
Telephone:      404-214-1262
Facsimile:      404-214-1251
Email:          gmast@fieldshowell.com

## CERTIFICATE OF SERVICE

        I hereby certify that on August 1, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Gene A. Ludwig
Ludwig law Firm, PLC
8501 Pinnacle Valley Road
Little Rock, AR  72223
ludwig@ludwiglawfirm.com

                                        /s/ David D. Wilson
                                        DAVID D. WILSON